1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

                          Plaintiff,

        v.

DALLAS C. HAZELRIGG,

                          Defendant.

CASE NO. CR13-5007 BHS

ORDER DENYING
DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE

13

14

15

16

This matter comes before the Court on Defendant Dallas Hazelrigg's motion for

compassionate release. Dkts. 105, 111. The Court has considered the briefing filed in

support of and in opposition to the motion and the remainder of the file and hereby denies

the motion for the reasons stated herein.

17

### I.   FACTUAL & PROCEDURAL BACKGROUND

18

19

20

21

22

In January 2013, Hazelrigg was charged in a nine-count indictment with one count

of Conspiracy to Distribute Methamphetamine and Heroin, five counts of Distribution of

Methamphetamine, one count of Possession of Heroin with Intent to Distribute, and two

counts of Felon in Possession of a Firearm. Dkt. 22. Hazelrigg pled guilty to Conspiracy

to Distribute Methamphetamine and Heroin, in violation of 21 U.S.C. §§ 841(a)(1),

ORDER - 1

1    841(b)(1)(A), and 846, and one count of Felon in Possession of a Firearm, in violation of

2    18 U.S.C. §§ 922(g)(1) and 924(a)(2), in September 2013. Dkt. 60. On December 13,

3    2013, the Honorable Ronald B. Leighton[1] sentenced Hazelrigg to 144 months

4    confinement and five years of supervised release. Dkt. 81.

5         In September 2021, Hazelrigg filed a pro se motion for home confinement,

6    sentence reduction, and/or early release. Dkt. 105. Counsel was subsequently appointed,

7    Dkt. 106, and the parties stipulated to allow Hazelrigg's counsel to file a supplemental

8    motion, Dkt. 110. Hazelrigg filed his supplemental motion for compassionate release

9    pursuant to 18 U.S.C. § 3582(c)(1) on November 4, 2021, arguing that his father's

10   medical conditions amount to an extraordinary and compelling reason warranting his

11   release. Dkt. 111. The Government opposed the motion, Dkt. 117, and the United States

12   Probation Office ("USPO") indicated that Hazelrigg's father was recently charged in

13   Oconto County Circuit Court in Wisconsin, Dkt 118. The Court ordered USPO to file a

14   supplemental compassionate release investigation no later than January 7, 2022. Dkt.

15   120. USPO filed the supplemental investigation on January 4, 2022, stating that

16   Hazelrigg's father has a status conference scheduled for February 17, 2022, but that he

17   remains on bond pending the resolution of the charge. Dkt. 122. Hazelrigg then filed a

18   surreply on January 18, 2022 and informed the Court that his father had been recently

19   hospitalized and placed on life support but was able to recover. Dkt. 124.

20

21

_____

22        [1] This case was transferred to the undersigned on September 1, 2021 following Judge
Leighton's retirement from the federal bench. Dkt. 104.

## II.  DISCUSSION

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for a reduction in sentence (also known as compassionate release):

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > (i) extraordinary and compelling reasons warrant such a reduction;
> > ***
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the

1   requested sentence reduction; and (3) the reduction is consistent with the Sentencing

2   Commission's policy statement. *See id*.

3         The Sentencing Commission's policy statement referenced in 18 U.S.C.

4   § 3582(c)(1)(A)(i) provides, in relevant part:

5         [T]he court may reduce a term of imprisonment (and may impose a
term of supervised release with or without conditions that does not exceed

6   the unserved portion of the original term of imprisonment) if, after
considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that

7   they are applicable, the court determines that—
      (1)(A) Extraordinary and compelling reasons warrant the reduction;

8   ***
      (2) The defendant is not a danger to the safety of any other person or

9   to the community, as provided in 18 U.S.C. § 3142(g); and
      (3) The reduction is consistent with this policy statement.

10  United States Sentencing Guidelines ("USSG") § 1B1.13. However, the Ninth Circuit has

11  held that § 1B1.13 is inapplicable to defendant-initiated motions for compassionate

12  release, joining many circuits across the country. *See United States v. Aruda*, 993 F.3d

13  797, 802 (9th Cir. 2021) ("We agree with the persuasive decisions of our sister circuits

14  and also hold that the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy

15  statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." (internal

16  citation omitted)). *See also United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020);

17  *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Rather, USSG § 1B1.13 is

18  helpful guidance to the Court when exercising its discretion.

19        Therefore, on a defendant-initiated motion under the First Step Act, the defendant

20  must show that they have exhausted their administrative remedies and that they have

21

22

ORDER - 4

1  extraordinary and compelling reasons to warrant their release, and the Court must

2  consider the sentencing factors under 18 U.S.C. § 3553(a).

3      While § 1B1.13 is not binding on this Court for defendant-initiated motions for

4  compassionate release, it does provide the Court guidance. Notably, § 1B1.13

5  contemplates extraordinary and compelling reasons due to the "death or incapacitation of

6  the caregiver of the defendant's minor child or minor children" or due to the

7  "incapacitation of the defendant's spouse or registered partner when the defendant would

8  be the only available caregiver for the spouse or registered partner." USSG, § 1B1.13,

9  Application Notes (1)(C). Courts, including this Court, have thus concluded that a

10 defendant being the only available caregiver for their parents can amount to an

11 extraordinary and compelling reason. *See United States v. Bucci*, 409 F. Supp. 3d 1, 2

12 (D. Mass. 2019); *United States v. Hernandez*, No. 16-20091-CR-WILLIAMS, 2020 WL

13 4343991, at *1 (S.D. Fla. Apr. 3, 2020); *United States v. Pickering*, No. CR20-5005

14 BHS, Dkt. 73 (W.D. Wash. Nov. 29, 2021). *But see United States v. Ingram*, No. 2:14-

15 CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates,

16 have aging and sick parents. Such circumstance is not extraordinary.").

17     The Court is sympathetic to Hazelrigg's situation, but he has not met his burden in

18 establishing extraordinary and compelling reasons warranting his release. Specifically, he

19 has not established that he is the only available caregiver for his father. This Court has

20 held that "incapacitation of the family member and the unavailability of other caregivers

21 remain critical to the analysis because it ensures that the circumstances are truly

22 extraordinary and compelling." *United States v. Roueche*, No. CR07-344RSL, 2021 WL

ORDER - 5

1  2778577, at *5 (W.D. Wash. July 2, 2021). Hazelrigg has not provided evidence, such as

2  declarations from his family supported by a medical professional, establishing either that

3  his father requires around the clock care or that Hazelrigg is the only available caregiver.

4  In *United States v. Pickering*, for example, the defendant provided the declaration of his

5  brother establishing his father's need for care and the necessity for the defendant to care

6  for his father, and a letter from his father's doctor opining that his father needed in-home

7  care on a continual basis. No. CR20-5005 BHS, Dkt. 73 at 6. Hazelrigg's counsel has

8  opined as to the necessity of Hazelrigg's care for his father, but this is insufficient to

9  establish extraordinary and compelling reasons. Absent evidence establishing that his

10  father needs around-the-clock care and that he is the only available caregiver for his

11  father, Hazelrigg has not carried his burden.

12      It is also of concern to the Court that Hazelrigg's father has been charged in state

13  court in Wisconsin. *See* Dkt. 122. It would be unwarranted to release Hazelrigg to be a

14  caregiver for his father if his father is then incarcerated.

15      Hazelrigg's motion for compassionate release is, therefore, denied without

16  prejudice.[2]

17  \\

18  \\

19  \\

---

20      [2] Since Hazelrigg has not met his burden in establishing extraordinary and compelling
reasons warranting release, the Court will not consider the § 3553(a) factors. The Court notes,
21  however, that Hazelrigg has been sanctioned for nine infractions while in custody. *See* Dkt. 117-
1. If Hazelrigg chooses to file a supplementary motion for compassionate release, such motion
22  would need to address these infractions under the § 3553(a) analysis.

1

### III.  ORDER

2       Therefore, it is hereby **ORDERED** that Defendant Dallas Hazelrigg's motion for

3   compassionate release, Dkts. 105, 111, is **DENIED without prejudice**.

4       Dated this 8th day of February, 2022.

5

6

7                        BENJAMIN H. SETTLE
                         United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 7